IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ELIZABETH INMAN, | : | |
| Plaintiff, | : | |
| | | Case No. 3:10cv00181 |
| vs. | : | |
| | | District Judge Thomas M. Rose |
| MICHAEL J. ASTRUE, | : | Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social | | |
| Security Administration, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

## I. INTRODUCTION

Plaintiff Elizabeth Inman filed an application for Disability Insurance Benefits (DIB) with the Social Security Administration claiming she has been unable to work since April 1, 2005. (Page ID# 127-32). Her asserted disabilities consist of shoulder, back, arms, and hand problems. (Page ID# 144).

After various administrative proceedings, including a hearing held on June 15, 2009, Administrative Law Judge (ALJ) Thomas R. McNichols, II denied Plaintiff's DIB application based on his conclusion that Plaintiff's impairments did not constitute a

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

"disability" within the meaning of the Social Security Act. (CMECF at pp. 45-53).[2] The ALJ's non-disability determination and the resulting denial of benefits later became the final decision of the Social Security Administration.

Plaintiff brings this case through counsel pursuant to 42 U.S.C. §§405(g), et seq. for judicial review of the final decision of the Commissioner denying Plaintiff's application for DIB. The case is before the Court on Plaintiff's Statement of Errors (Doc. #6), the Commissioner's Motion for Voluntary Remand (Doc. #11), Plaintiff's Memorandum in Opposition (Doc. #12), the Commissioner's reply (Doc. # 13), the administrative record, and the record as a whole.

## II. BACKGROUND

Plaintiff's Statement of Errors raises one main issue:

> Whether the administrative law judge erred as a matter of law in his finding concerning residual functional capacity where he failed to provide any reason, let alone good reason for rejecting the opinion of the treating physician, this opinion was consistent with an inability to perform a full range of even light work, and the ALJ failed to meet the minimal articulation requirements for the evaluation of treating source opinion under *Wilson-Rogers-Bowen?*

(Doc. #6 at 1). Plaintiff seeks an Order reversing the ALJ's decision and awarding DIB. (Doc. #4 at 10; Doc. #12 at 1).

---

[2] CMECF citations refer to the page numbers set by the Court's case management/electronic case filing system.

Rather than filing a Memorandum in Opposition to Plaintiff's Statement of Errors, the Commissioner filed a Motion to Remand under Sentence Four of 42 U.S.C. §405(g).

Sentence Four of 42 U.S.C. §405(g) provides the United States District Courts with the "power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

The Commissioner contends that a Sentence Four remand is warranted "with instruction to the administrative law judge to consider treating source opinion evidence and to further evaluate the claimant's residual functional capacity." (Doc. #11 at 412-13) and because "the Administrative Law Judge ('ALJ'), as Ms. Inman explains in her reply brief, appeared to overlook a September 2006 opinion from treating physician Paul Nitz." (Doc. #13 at 422). The Commissioner concedes that there are deficiencies in the ALJ's analysis of Plaintiff's disability claim. *Id.*

Plaintiff agrees that the ALJ's decision contains error. She argues, however, that an judicial award of DIB is warranted rather than a remand for further administrative proceedings.

The issue, therefore, is not whether the ALJ's Decision contains reversible error. The issue instead is what remedy should be implemented by this Court – a remand to the Commissioner for reconsideration, as the Commissioner wishes, or an award of DIB benefits, as Plaintiff wishes.

## III. ANALYSIS

### A. Sentence Four Remands

A Sentence Four remand is warranted if the Commissioner's final Decision applied an erroneous principle of law, failed to consider certain evidence, failed to consider the combined effect of impairments, or failed to make a credibility finding. *Faucher v. Secretary of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994); *see Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). A judicial award of benefits, rather than a remand, "is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see Mowery v. Heckler*, 771 F.2d 996, 973 (6th Cir. 1985).

### B. Remand For Further Proceedings Is Warranted

An Order remanding this matter for further administrative proceedings is warranted because there is no dispute that the ALJ committed legal error and because Plaintiff has not established that the evidence of a DIB-qualifying disability is either overwhelming or strong while the contrary evidence is lacking. *See Faucher*, 17 F.3d at 176.

The ALJ's legal error occurred in his review and consideration of the medical source opinions. Social Security Regulations and case law require ALJs to apply controlling weight to a treating medical source's opinion when it is both well supported by medically acceptable data and not inconsistent with other substantial evidence of record. *See* 20 C.F.R. §404.1527(d)(2); *see also Rabbers v. Comm'r. of Social Security*,

4

582 F.3d 647, 660 (6th Cir. 2009); *Rogers v. Comm'r. of Social Security*, 486 F.3d 234, 242 (6th Cir. 2007); *Wilson v. Commissioner of Social Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).  If a treating medical source's opinion is not entitled to controlling weight, it must be weighed under "a host of other factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242.  Remand is required when the agency fails to follow the treating source regulations and does not "give good reasons" for rejecting a treating physician's opinion. While an ALJ may not bound by the opinion of a claimant's treating physician, the ALJ is required to set forth some basis for rejecting that opinion.  *Id.*  It is more than merely "helpful" for the ALJ to articulate reasons for crediting or rejecting particular sources of evidence; rather, it is essential for meaningful judicial review.  *Hurst v. Secretary of Health and Human Services,* 753 F.2d 517, 519 (6th Cir. 1985)(citation omitted).

 Plaintiff contends that the proof of her disability is overwhelming, or at least strong while contrary evidence is weak, based on the opinions of her treating orthopedist, Dr. Nitz.  Plaintiff points out that the ALJ provided no rationale as to why the opinion of Dr. Derrow, a non-examining physician deserved greater weight than Dr. Nitz's opinion. Plaintiff emphasizes that objective medical evidence supported Dr. Nitz's opinions and the opinions of Dr. Rutledge ("the company physician...") supported Dr. Nitz's opinions. (Doc. #12 at 417-18).  And Plaintiff maintains that the opinion provided by a non-examining physician is not substantial evidence to the contrary.

The Commissioner acknowledges that if the ALJ had fully credited Dr. Nitz's opinions and had taken account of other vocational factors (such as Plaintiff's age), the ALJ would likely have found Plaintiff to be under a DIB-qualifying disability. (Doc. #13 at 422). However, the ALJ overlooked or ignored Dr. Nitz's opinions. As a result, their has been no administrative determination regarding what weight should be placed on Dr. Nitz's opinions. Although the record contains evidence supporting Dr. Nitz's opinion, the record also contains contrary opinion evidence from Dr. Derrow. Given Dr. Derrow's opinion, and without a prior administrative review of Dr. Nitz's opinions under the correct legal criteria, the Court cannot fully credit Dr. Nitz's opinion by way of what would effectively be a de novo review. *Cf. Cissell Mfg. Co. v. U.S. Dept. of Labor,* 101 F.3d 1132, 1136 (6th Cir. 1996)("It is well settled that when an agency makes an error of law in its administrative proceedings, a reviewing court should remand the case to the agency so that the agency may take further action consistent with the correct legal standards."). The evidence of Plaintiff's disability is therefore neither overwhelming nor strong while contrary evidence is weak.

Accordingly, the Commissioner's Motion for Voluntary Remand is well taken.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's Motion for Voluntary Remand (Doc. #11) be GRANTED;

2. The ALJ's Decision be VACATED and this matter REMANDED to the Commissioner under Sentence Four of 42 U.S.C. §405(g) for further administrative proceedings; and

3. The case be terminated on the docket of this Court.


April 12, 2011                              s/Sharon L. Ovington
                                          Sharon L. Ovington
                                       United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).